IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Lionell E. Tholmer

     Plaintiff,                      No. CIV S-04-1368 GEB CMK P

    vs.

Cheryl Pliler, et al.,

     Defendants               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and his filed this action seeking relief pursuant to 42 U.S.C. § 1983. By order filed October 29, 2004, the court granted plaintiff leave to proceed in forma pauperis. The court did not screen plaintiff's complaint as required by 28 U.S.C. § 1915A(a) because plaintiff had filed his complaint in the Central District of California just prior to filing his instant complaint in this District. The court ordered plaintiff to submit a copy of the Central District order dismissing his complaint to aid the court in screening plaintiff's current complaint. Plaintiff has submitted a copy of the Central District's order, which shows that plaintiff's complaint was dismissed for failure to exhaust administrative remedies.

        The crux of plaintiff's complaint is that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment

right to due process when they placed him in the Administrative Segregation Unit (ASU) at Folsom State Prison.  Plaintiff's complaint contains a very detailed narrative of the events surrounding his placement in ASU, which begins on August 20, 2002 and ends on April 24, 2004.[1]  Attached to plaintiff's complaint's are copies of three relevant administrative grievances; one against defendant Banks from April 2003, one against defendant Garcia from April 2003 and one against Pliler, Stratton, Stiles, Walker, Vance, Mini and Wilson from September 2003.  However, it is clear that the events of which plaintiff complains ended on April 24, 2004.  (Pl.'s Compl. at ¶ 96.)

Plaintiff is required to exhaust his administrative remedies before bringing a federal civil rights action. 42 U.S.C. § 1997e(a).  It appears that administrative remedies may be available to address the allegations of plaintiff's complaint stemming from the April 24, 2004 events.  A prison inmate in California can satisfy the exhaustion requirement by following the applicable procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  As plaintiff's complaint is dated April 15, 2004, it is apparent that plaintiff did not exhaust any claims stemming from the April 24, 2004 events detailed in paragraph ninety-six.  Indeed it is confusing to the court how plaintiff could have possibly included future events in a complaint dated nine days earlier.

However, it is apparent that plaintiff has filed administrative grievances against at least some of the named defendants concerning events detailed in his complaint.  However, due to the length and skipping in chronology of events throughout plaintiff's complaint, it is impossible for the court to determine whether plaintiff has exhausted his administrative remedies

///

///

///

---

[1] These events are detailed in the sections of plaintiff's complaint titled "relevant backdated facts" and "facts."

as required by 42 U.S.C. § 1997e(a).  Additionally, due to the length of the complaint and the inclusion of many details which are not relevant to plaintiff's claim,[2] it is not possible to determine if plaintiff has stated a claim upon which relief can be granted.

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is

---

[2]For example, in paragraph 82 plaintiff states that "Whitted, walked away from the holding cage, and into Lt. McClennon's office, where plaintiff could see c/o whitted speaking to Lt. McClennon."  While such facts may have occurred they do nothing to bolster plaintiff's claims against defendants.

because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that he must exhaust all of his administrative remedies prior to bringing a federal civil rights action. If plaintiff chooses to file an amended complaint, he should include only those claims for which he has filed administrative grievances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: October 26, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE