IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

    Plaintiff,                   No. CIV S-04-1368 GEB CMK P

    vs.

PLILER, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding without counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is plaintiff's request for temporary restraining order. (Doc. 22.)

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);

1  Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).

2        The legal principles applicable to a request for injunctive relief such as a restraining order are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

        Plaintiff has filed an amended complaint, which the court has not yet screened.  In his compliant, plaintiff alleged various due process violations stemming from his placement in administrative segregation. (Doc. 21.)  In his present motion for a temporary restraining order, plaintiff alleges that he recently saw a fellow inmate die right in front of him. After the inmates's death, prison guards made threatening comments to plaintiff, such as "you better watch yourself, we can play games."  Plaintiff alleges that, on another occasion, after he alerted prison guards that he received a dirty food tray, the guards made veiled threats against him. Plaintiff seeks an order "restraining CDC officials from murdering [him]."

        Plaintiff has not demonstrated a significant showing of  irreparable harm. See Oakland Tribune, 762 F.2d at 1376. Instead, plaintiff has made only conclusory allegations against prison officials, but has not pointed to any concrete evidence that such officials plan to murder him.

///

///

1       Based on the foregoing, the undersigned recommends that petitioner's motion for a
2 temporary restraining order (doc. 22) be denied.

3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
5 after being served with these findings and recommendations, plaintiff may file written objections
6 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
7 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
8 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9 (9th Cir. 1991).

10

11 DATED:  August 16, 2006.

12

13                                     **CRAIG M. KELLISON**
14                                     UNITED STATES MAGISTRATE JUDGE