1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LIONELL THOLMER,

11               Plaintiff,                    No. CIV S-04-1368 GEB CMK P

12          vs.

13   CHERYL K. PLILER, et al.,

14               Defendants              FINDINGS & RECOMMENDATIONS

15   _____/

16               Plaintiff is a state prisoner proceeding with a civil rights complaint against

17   defendants.  In his complaint, plaintiff alleges that defendants violated his right to due process by

18   placing him in administrative segregation without a proper hearing; that defendants placed him in

19   administrative segregation in retaliation for plaintiff disclosing that one defendant had solicited

20   him to murder another inmate; and plaintiff also alleged that the duration of his placement in

21   administrative segregation constituted cruel and unusual punishment.  (Am.Compl., Doc. 21.)

22   Currently before the court are plaintiff's December 11, 2006 and December 26, 2006 requests for

23   injunctive relief.

24               To obtain injunctive relief, a party must satisfy either the "traditional" or

25   "alternative" standard for injunctive relief. See Cassim v. Bowen, 824 F.3d 791, 795 (9th

26   Cir.1987) . Under the traditional standard, a court may grant preliminary injunctive relief if it

1

finds (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. See id. (citation omitted).

In contrast, under the alternative standard, to obtain preliminary injunctive relief, a moving party need only demonstrate "(1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Nike, Inc. v. McCarthy, 379 F.3d 576, 580 (9th Cir.2004) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991)) (internal quotations omitted). The two options provided under the alternative standard "represent extremes of a single continuum, rather than two separate tests. Thus, [under the alternative standard,] the greater the relative hardship to [the party], the less probability of success must be shown." Id. (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir .1999)).

In his December 11, 2006 motion for injunctive relief, plaintiff details his placement in a filthy cell and subsequently contracted illness for which defendants allegedly failed to treat him.  Plaintiff also alleges that he seeks injunctive relief to protect his life from the "deliberate indifference shown by the actions of defendants through the repetitive...housing...with enemies and subsequent Ad/Seg placement for what can only be reasoned to be atypical period of time." (Doc 27 at 3.)   In his amended complaint, plaintiff makes no mention of a civil rights violation stemming from placement in or illness from a dirty cell.  Accordingly, the court cannot grant injunctive relief on this issue in this case.  Further, there is no indication that any of the named defendants are responsible for the alleged placement of defendant in dirty cells.  The court, therefore, does not have jurisdiction over any defendant capable of providing the injunctive relief requested by plaintiff.   See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

///

///

1    With regard to plaintiff's claim that defendants have been deliberately indifferent
2 to his health by placing him in administrative segregation for atypical periods of time, plaintiff
3 has failed to submit anything more than his own assertions to support his claim that he will be
4 irreparably harmed if the court does not grant him injunctive relief.   The court, therefore, finds
5 that plaintiff has not satisfied the first prong of the traditional standard for injunctive relief.  See
6 Cassim, 824 F.3d at 795 (the moving party must show he will suffer irreparable injury if the
7 requested relief is denied).   Furthermore, plaintiff has presented insufficient evidence to
8 demonstrate a likelihood that he will succeed on the merits of his claim that his placement in
9 administrative segregation is atypically long.

10    The court finds that plaintiff's December 11, 2006 request for injunctive relief
11 should be denied.

12    In his December 26, 2006 request for injunctive relief, plaintiff alleges that he
13 "contracted Valley Fever" while incarcerated and that defendants refused him medical help.
14 Plaintiff makes no mention of such occurrences in his amended complaint, and the correctional
15 staff alleged to have denied plaintiff medical care are not named as defendants in his amended
16 complaint.  The court does not have jurisdiction over any defendant capable of providing the
17 injunctive relief requested by plaintiff. See Zenith Radio Corp., 395 U.S. at 112.   Therefore, the
18 court finds that the December 26, 2006 request for injunctive relief must be denied.

19    In light of the foregoing, the court recommends that plaintiff's December 11, 2006
20 and December 26, 2006 requests for injunctive relief be denied.

21    These findings and recommendations are submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
23 days after being served with these findings and recommendations, plaintiff may file written
24 ///
25 ///
26 ///

3

1   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

2   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

3   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

4   1153 (9th Cir. 1991).

5   DATED:   January 5, 2007.

6

7

                                       **CRAIG M. KELLISON**

8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26