IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL E. THOLMER,

       Plaintiff,                    No. CIV S-04-1368 GEB CMK P

   vs.

CHERYL PILER, et al.,

       Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed October 26, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff was given several extensions of time to file an amended complaint, and he has now filed an amended complaint.  Pursuant to 28 U.S.C. § 1915(A)(a), the court is required to screen plaintiff's amended complaint.

       Plaintiff names several defendants in his amended complaint: Cheryl Pliler; Terry Rosario; E. Stratton; Sheryl Stiles; B. Mayfield; S. Vance; J. Walker; J. Banks; T. Ventimiglia; J. Garcia; Wilson; V. Minni; and Morrow.  Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated by defendants' actions. He also alleges that defendants retaliated against him in violation of the First Amendment.  His complaint details a long and complex chain of events which led to plaintiff being placed in administrative segregation.

Plaintiff appears to allege that he was placed in administrative segregation (Ad Seg) as a result of false statements made by defendant Garcia and that defendant Banks was aware that the basis for placing him in Ad Seg was false.  He claims that defendant Mayfield denied plaintiff witnesses in his CDC hearing to determine whether he should remain in Ad Seg.

Plaintiff alleges that he informed defendants Walker, Rosario, Mayfield and Minni, who were on a classification committee, that he had been denied due process by being placed in Ad Seg.  Plaintiff appears to allege that defendants made false statements to place plaintiff in Ad Seq in retaliation for plaintiff disclosing that defendant Walker had solicited plaintiff to murder another inmate.  Plaintiff alleges that his placement in an "indeterminate, segregated housing (SHU) amounted to cruel and unusual punishment.

In the amended complaint, plaintiff appears to allege that defendants Pliler, Stratton, and Stiles are liable by virtue of their supervisory positions.  Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation omitted).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, plaintiff has not stated a cognizable claim against defendants Pliler, Stratton, or Stiles.

Plaintiff has not connected any of his allegations of civil rights violations to defendants Wilson or Morrow.  Accordingly, he has not stated cognizable claims against these defendants.

///

1    The Eighth Amendment prohibits the imposition of cruel and unusual
2 punishments.  See Estelle v. Gamble, 429 U.S. 97, 102 (1976).  To establish an Eighth
3 Amendment violation with regard to conditions of confinement, as plaintiff attempts to do here,
4 he must show that prison officials have been deliberately indifferent to a basic need.  See Rhodes
5 v. Chapman, 452 U.S. 337, 347 (1981).  Here, plaintiff has not alleged that he was deprived of
6 any basic need.  Instead, he simply alleges that his placement in SHU was excessive given his
7 circumstances.  Such a claim sounds in denial of due process, not an Eighth Amendment
8 violation.  Accordingly, plaintiff has not stated a cognizable Eighth Amendment violation
9 against any defendant.
10    Plaintiff has, however, stated cognizable Fourteenth Amendment denial of due
11 process and First Amendment retaliation claims against defendants Terry Rosario; B. Mayfield;
12 S. Vance; J. Walker; J. Banks; T. Ventimiglia; J. Garcia; and V. Minni.
13    The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C.
14 § 1983 and 28 U.S.C. § 1915A(b) to the extent that plaintiff alleges due process violations and
15 retaliation by defendants Terry Rosario; B. Mayfield; S. Vance; J. Walker; J. Banks; T.
16 Ventimiglia; J. Garcia; and V. Minni.  If the allegations of the amended complaint are proven,
17 plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore,
18 finds that service is appropriate for these defendants and will direct service by the U.S. Marshal
19 without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed
20 further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with
21 this order may result in dismissal of the action.  See Local Rule 11-110.
22    In accordance with the above, IT IS HEREBY ORDERED that:
23    1. Service is appropriate for the following defendants:  Terry Rosario; B.
24 Mayfield; S. Vance; J. Walker; J. Banks; T. Ventimiglia; J. Garcia; and V. Minni.
25    2. The Clerk of the Court shall send plaintiff eight USM-285 forms, one
26 summons, an instruction sheet and a copy of the amended complaint filed June 16, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Nine copies of the endorsed amended complaint filed June 16, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: January 5, 2007.

                                                          **CRAIG M. KELLISON**
                                                          UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff, | No. CIV |
| vs. | |
|  | NOTICE OF SUBMISSION |
| Defendants. | OF DOCUMENTS |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                               Amended Complaint

DATED:

                                           _____
                                           Plaintiff