IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

    Plaintiff,                    No. CIV S-04-1368 GEB CMK P

    vs.

CHERYL K. PLILER, et al.,

    Defendants                FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding with a civil rights complaint against defendants. In his complaint, plaintiff alleges that defendants violated his right to due process by placing him in administrative segregation without a proper hearing; that defendants placed him in administrative segregation in retaliation for plaintiff disclosing that one defendant had solicited him to murder another inmate; and that the duration of his placement in administrative segregation constituted cruel and unusual punishment. (Am.Compl., Doc. 21.) Currently before the court is plaintiff's request for injunctive relief (Doc. 61).[1]

---

[1] Plaintiff's motion is actually titled as a motion for reconsideration of motion for declaratory and injunctive relief. However, in reviewing the motion, it appears to be a new motion for injunctive relief, not a motion for reconsideration. Therefore, the court will address it as a new motion.

1

1  To obtain injunctive relief, a party must satisfy either the "traditional" or
2  "alternative" standard for injunctive relief. See Cassim v. Bowen, 824 F.3d 791, 795 (9th
3  Cir.1987) . Under the traditional standard, a court may grant preliminary injunctive relief if it
4  finds (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party
5  will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and
6  (4) the public interest favors granting relief. See id. (citation omitted).

7  In contrast, under the alternative standard, to obtain preliminary injunctive relief, a
8  moving party need only demonstrate "(1) a likelihood of success on the merits and the possibility
9  of irreparable injury or (2) the existence of serious questions going to the merits and the balance
10 of hardships tipping in [the moving party's] favor." Nike, Inc. v. McCarthy, 379 F.3d 576, 580
11 (9th Cir.2004) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991)) (internal
12 quotations omitted). The two options provided under the alternative standard "represent extremes
13 of a single continuum, rather than two separate tests. Thus, [under the alternative standard,] the
14 greater the relative hardship to [the party], the less probability of success must be shown." Id.
15 (citing Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir .1999)).

16 Where a prisoner is seeking injunctive relief with respect to conditions of
17 confinement, the prisoner's transfer to another prison renders the request for injunctive relief
18 moot, unless there is some evidence of an expectation of being transferred back. See Prieser v.
19 Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per
20 curiam).

21 In his June 7, 2007 motion for injunctive relief, plaintiff has requested the court to
22 order the return of his legal property which was confiscated upon his transfer to Tehachapi and to
23 have him placed in appropriate housing.  In his amended complaint, plaintiff makes no mention of
24 a civil rights violation stemming from the confiscation of his legal property.  Accordingly, the
25 court cannot grant injunctive relief on this issue in this case.  Further, there is no indication that
26 any of the named defendants are responsible for the alleged confiscation.  The court does not have

1  jurisdiction over any individual capable of providing the injunctive relief requested by plaintiff.
2  See Zenith Radio Corp., 395 U.S. at 112.
3            In addition, plaintiff claims he is inappropriately housed in administrative
4  segregation at California Correctional Institution, in Tehachapi, California (Tehachapi).  Again,
5  plaintiff fails to indicate that any of the named defendants in this case are responsible for his
6  alleged placement in administrative segregation.  When plaintiff filed this civil rights action, he
7  was being housed at California State Prison, Sacramento (CSP-Sacramento).  The allegations in
8  his amended complaint stem from being placed in administrative segregation at CSP-Sacramento.
9  Plaintiff has now been transferred to Tehachapi.  None of the individuals named in the motion for
10 injunctive relief are defendants in this matter, and therefore the court has no jurisdiction over
11 them.  See id.
12           In light of the foregoing, the court recommends that plaintiff's request for
13 injunctive relief be denied.
14           These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16 days after being served with these findings and recommendations, plaintiff may file written
17 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
20 1153 (9th Cir. 1991).

22 DATED:  September 13, 2007.

                                      _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE