IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

        Plaintiff,                      No. CIV S-04-1368 GEB CMK P

    vs.

CHERYL K. PLILER, et al.,

        Defendants                 ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 56).

        Plaintiff's complaint names a number of defendants, all of who are or were employees of the California Department of Corrections and Rehabilitation, and all of who are or were working at the California State Prison, Sacramento (CSP-Sacramento) at the time of the alleged constitutional violations. The violations plaintiff complains about include due process violations and first amendment retaliation.[1] The violations plaintiff claims arise from the circumstances in which he was placed in administrative segregation.

        Defendants Garcia, Banks and Mayfield have brought the motion to dismiss on the grounds that plaintiff has failed to properly exhaust administrative grievance. The defendants

---

[1] Plaintiff also attempts to claim an Eighth Amendment violation, but pursuant to this court's January 8, 2007 order, he fails to do so.

1

have stated in their motion that the motion to dismiss is not dispositive of the entire case. In support of their motion, defendants have included a declaration of R. Carter, who is the Appeals Coordinator at CSP-Sacramento. R. Carter's declaration appears to state that as of the date he signed the declaration, May 10, 2007, plaintiff has filed only three inmate appeals while housed at CSP-Sacramento, Appeal Log Numbers: (1) SAC-A-03-01633; (2) SAC-A-03-01363; and (3) SAC-A-03-01260. It would appear that, according to R. Carter's declaration, the defendants would have the court believe no other inmate appeals have been filed by plaintiff while plaintiff was housed at CSP-Sacramento. However, as plaintiff notes in his opposition, attached to his original complaint filed with this court, there is at least one additional inmate appeal filed while he was housed at CSP-Sacramento, with a log number SAC-A-03-02226.

It appears that the three inmate appeals R. Carter found were inmate appeals plaintiff filed naming the defendants Garcia, Banks and Mayfield, individually, and concerning staff conduct arising out of the placement of plaintiff in administrative segregation. The inmate appeal the court located attached to plaintiff's original complaint also appears to deal with staff conduct arising out the placement of plaintiff in administrative segregation, but names different individuals. The court does note, however, that all of the individuals named in this additional inmate appeal were also named as defendants in this action.

The Supreme Court recently addressed the exhaustion requirement in <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

With that in mind, the court is in need of clarification from the defendants

regarding the inmate appeals plaintiff has filed. The defendants need to clarify whether they are claiming that the only inmate appeals plaintiff filed during the time he was housed at CSP-Sacramento are those listed in R. Carter's declaration. If so, the defendants need to explain Appeals Log Number SAC-A-03-02226. In addition, the defendants need to identify for the court, in support of their motion to dismiss, which claims the defendants contend are not exhausted. Plaintiff names several defendants for each claim in his complaint. There are no claims which list only defendants Garcia, Banks and Mayfield. If a claim is unexhausted as to these three individual defendants, it appears to the court logical that the claim is unexhausted as to all of the defendants. Therefore, the motion to dismiss would be dispositive of the entire case, inapposite of the moving parties' claim.

        Accordingly, IT IS ORDERED that:

        1. Defendants shall file a further brief in support of their motion to dismiss within 30 days from the date of this order which addresses the following:

            a. Are the only three inmate appeals plaintiff filed while housed at CSP-Sacramento those that are listed in R. Carter's declaration;

            b. Explain the inmate appeal with Appeals Log Number SAC-A-03-02226; and

            c. Identify which claims the defendants contend are not exhausted; and

        2. Plaintiff may file a response to defendants' further brief within 15 days of service of the defendants' brief.

DATED: October 1, 2007

                                                                       /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE