1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LIONELL THOLMER,

12           Plaintiff,              No. CIV S-04-1368 GEB CMK P

13       vs.

14  CHERYL K. PLILER, et al.,

15           Defendants             FINDINGS & RECOMMENDATIONS

16  _____/

17           Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  This action proceeds on plaintiff's amended complaint (Doc. 21 June 16,

19  2006).  Pending before the court is defendants' motion to dismiss (Doc. 56).  Plaintiff filed his

20  opposition to the motion (Doc. 65) and defendants filed a reply (Doc. 66).  Pursuant to the court's

21  request, defendants have also filed a further brief (Doc. 72) to explain the inmate appeals plaintiff

22  filed.  Plaintiff also filed a further brief (Docs. 77 and 78).

23       BACKGROUND

24           Plaintiff's amended complaint names a number of supervisory defendants,

25  individual correctional officers, and members of the Institutional Classification Committee (ICC).

26  His claims are based on his placement in administrative segregation and his retention therein.  He

1

1  claims that defendants Garcia, Banks and Mayfield violated his constitutional rights by placing

2  him in administrative segregation based on false reports and in retaliation against plaintiff for

3  litigating against official corruption.  He also claims that the members of the ICC violated his

4  constitutional rights by retaining him in administrative segregation without allowing him

5  witnesses and by relying on Garcia's false reports.[1]

6          On screening, the court stated that the complaint failed to state a cognizable claim

7  against defendants Pliler, Stratton or Stiles because plaintiff failed to allege any causal link

8  between the actions of the supervisors and the alleged constitutional violations.  In addition, the

9  screening order stated that plaintiff failed to state a claim against defendants Wilson[2] or Morrow

10 because plaintiff failed to connect any of his allegations of civil rights violations to these

11 defendants.[3]

12          Therefore, the court found plaintiff stated cognizable Fourteenth Amendment

13 denial of due process and First Amendment retaliation claims against defendants Rosario,

14 Mayfield, Vance, Walker, Banks, Ventimiglia, Garcia, and Minni.  However, plaintiff was not

15 given leave to amend his amended complaint to cure the defects identified in the screening order.

16 See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  As it appears that

17 some of the defects identified may be curable, plaintiff should be given an opportunity to amend

18 his complaint in order to attempt to link the supervisory defendants to alleged constitutional

19 violations.

20

---

21      [1]    Plaintiff also claimed that his placement in administrative segregation was cruel
   and unusual punishment.  However, the court found plaintiff failed to state a claim for any
22 violation of the Eighth Amendment in the screening order (Doc. 33).  The defect is not subject to
   possible cure through amendment.
23

24      [2]    Defendant Wilson is named in the first amended complaint, but is not listed on the
   docket as a defendant.  The Clerk of the Court is directed to update the docket to reflect that
   Wilson is a named defendant.
25

26      [3]    Plaintiff never filed any objection to or request for reconsideration of the
   screening order.

1          DEFENDANT VENTIMIGLIA

2               Defendant Ventimiglia joins the motion to dismiss on the grounds that plaintiff

3    fails to allege any facts to establish how defendant Ventimiglia violated his constitutional rights.

4    It appears from plaintiff's amended complaint that defendant Ventimiglia is a supervisory

5    defendant.  Plaintiff specifically states "Defendant Ventimiglia, was at all times mentioned herein,

6    a lieutenant at CSP-Sac-Folsom-Fac-A, and responsible for the housing, custody, safety,

7    discipline, administrative decision to administratively segregate inmates in Fac-A, and for the

8    supervision of correctional sergeants and officers in Fac-A." (Doc. 21, page 9-10).   Plaintiff fails

9    to allege any actual wrongdoing on the part of Ventimiglia.  Therefore, it appears that defendant

10   Ventimiglia should have been dismissed from this action at screening with the other supervisory

11   defendants.  Accordingly, defendant Ventimiglia's motion to dismiss should be granted.

12   However, as discussed above, plaintiff should be provided an opportunity to amend his complaint

13   to allege a link between the supervisory defendants' actions and the alleged constitutional

14   violations.

15          PLACEMENT IN ADMINISTRATIVE SEGREGATION

16               Defendants Garcia, Banks and Mayfield move this court for an order dismissing

17   the claim that plaintiff's constitutional rights were violated by placing him in administrative

18   segregation on the grounds that this claim is not exhausted.

19               Prisoners seeking relief under § 1983 must exhaust all available administrative

20   remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

21   regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

22   Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

23   the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

24   while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

25   Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910

26   (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the

1 complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved

2 by the defendants; (2) an individual named as a defendant does not necessarily need to be named

3 in the grievance process for exhaustion to be considered adequate because the applicable

4 procedural rules that a prisoner must follow are defined by the particular grievance process, not by

5 the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but

6 not all, claims are unexhausted.  The Supreme Court also held in Woodford v. Ngo, 126 S.Ct.

7 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must comply

8 with all of the prison system's procedural rules and that partial compliance is not enough.

9             A prison inmate in California satisfies the administrative exhaustion requirement

10 by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of

11 Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or

12 policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code

13 Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels

14 of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head;

15 (4) third level appeal to the director of the California Department of Corrections and

16 Rehabilitation.  A decision at the third formal level, which is also referred to as the director's

17 level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal.

18 Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may

19 summarily deny a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§

20 3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action,

21 one grievance form is used and a list of the participating inmates must be attached.  The list must

22 be legible and state the inmates' names, departmental identification numbers, and housing

23 assignment.  The form must also be signed by all participating inmates.  Currently, California

24 regulations do not contain any provision specifying who must be named in the grievance.

25 / / /

26 / / /

4

1          In certain circumstances, the regulations make it impossible for the inmate to

2 pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939

3 n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by

4 prison officials as a "staff complaint" and processed through a separate confidential process,

5 prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing

6 Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff

7 complaint."  See id. at 940.  If there are separate claims in the same grievance for which further

8 administrative review could provide relief, prison regulations require that the prisoner be notified

9 that such claims must be appealed separately.  See id. at 939.  The court may presume that the

10 absence of such a notice indicates that the grievance did not present any claims which could be

11 appealed separate from the confidential "staff complaint" process.  See id.

12          In this case, plaintiff filed three inmate grievances in relation to his placement in

13 administrative segregation: SAC-A-03-01633, SAC-A-03-01260, and SAC-A-03-01363.[4]  Appeal

14 Log SAC-A-03-01363 was denied at the second level.  Appeal Log SAC-A-03-01633 was treated

15 as a staff complaint, partially granted at the second level, and plaintiff was informed that if he was

16 not satisfied with the decision he could submit his appeal to the third level.  Appeal Log SAC-A-

17 03-01260 was also treated as a staff complaint, was partially granted at the second level, and

18 plaintiff was informed that if he was not satisfied with the decision he could submit his appeal to

19 the third level.  Each of these three inmate appeals only reached the second level and were not

20 brought to the Director's level for review, even though plaintiff was informed that if he was not

21 satisfied with the decision at the second level he could submit his appeal to the third, or

22 Director's, level.

23

24          [4]     The court questioned the exhaustion of this claim based on Appeal Log SAC-A-
03-0226, which was appealed to the Director's level.  However, defendants have identified the
issue in appeal 03-0226 was the ICC's decision to retain plaintiff in administrative segregation,
25 not the placement of plaintiff in administrative segregation.  Accordingly, defendants
acknowledge that the claim related to the retention of plaintiff in administrative segregation is
26 exhausted.

1    Plaintiff argues that pursuant to Jones v. Bock, 127 S.Ct. 910 (2007), he did not

2 need to name all of the defendants in his inmate grievances, and therefore, all of his claims are

3 exhausted.  He also claims that the grievances are interrelated and are therefore all exhausted.

4 The court agrees with plaintiff that he was not required to name all of the defendants in his 602

5 inmate grievance process.  However, as discussed above, he filed several grievances with the

6 prison.  Three were regarding plaintiff's placement in segregation and one was for retaining

7 plaintiff in segregation.  These are two distinct actions on the part of the defendants.  Plaintiff

8 began the process regarding his placement in segregation, but failed to complete it.  Had plaintiff

9 taken any of the three grievances regarding his placement in segregation to the third level, he

10 would have exhausted that claim even though each named a different defendant.  Instead, he only

11 took them to the second level.  The court also finds that although the claims are related in that

12 they are challenging his confinement in segregation, they are based on separate and distinct

13 actions on the part of the defendants.  The placement in segregation is separate and distinct from

14 the decision to retain him there.  Plaintiff needed to exhaust each of these claims.

15    Therefore, plaintiff's claim that his placement in administrative segregation was in

16 violation of his constitutional rights is not exhausted, and the motion to dismiss this claim should

17 be granted.  Because this claim is unique to defendants Banks and Garcia, these two defendants

18 should be dismissed from the action.[5]

19    CONCLUSION

20    Based on the above, the undersigned recommends:

21    1.    The motion to dismiss (Doc. 56) be granted to the extent defendants argue

22 plaintiff's claim based on his placement in administrative segregation is not exhausted and for

23 failure to state a cognizable claim against defendant Ventimiglia;

24

25    [5]    Defendant Mayfield, who joins his co-defendants in this motion, was also named
    as a defendant for his actions as a member of the ICC in retaining plaintiff in administrative
26 segregation.  Therefore, he cannot be dismissed from this action completely.

2.     Defendants Banks and Garcia be dismissed as defendants;

3.     The conclusion of the magistrate judge, as expressed in the January 8, 2007, screening order, that plaintiff has not stated an Eighth Amendment claim and that plaintiff had not stated claims against defendants Pliler, Stratton, Stiles, Wilson, and Morrow, be ratified;

4.     Plaintiff be given an opportunity to file a second amended complaint to attempt to state a claim against the supervisory defendants, both those identified in the January 8, 2007, screening order (defendants Pliler, Stratton, and Stiles), and defendant Ventimiglia;

5.     Plaintiff be given an opportunity to file a second amended complaint to attempt to link his claim to defendants Wilson and Morrow; and

6.     This action be limited to plaintiff's First and Fourteenth Amendment claims regarding his retention in administrative segregation as against defendants Walker, Mayfield, Menni, Rosario, and Vance, and potentially against defendants Pliler, Wilson, Stratton, Stiles, Morrow, and Ventimiglia.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 24, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE