IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

    Plaintiff,                    No. CIV S-04-1368 GEB CMK P

    vs.

CHERYL K. PLILER, et al.,

    Defendants                <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 81) and defendant's motion to strike (Doc. 82).

        Defendants filed a motion to dismiss which has been granted in part and denied in part (Doc. 83). In granting defendants' motion to dismiss, the court found plaintiff's claim regarding his placement in administrative segregation was not exhausted and that plaintiff failed to state a claim as against defendant Ventimiglia. Accordingly, plaintiff's claims regarding his placement in administrative segregation were dismissed and defendants Banks and Garcia were dismissed from this action with prejudice. Plaintiff was granted leave to file an amended complaint to attempt to link defendants Ventimiglia, Pliler, Stratton, Stiles, Wilson and Morrow

1

to his surviving claim regarding his retention in administrative segregation.

In response, plaintiff has filed his second amended complaint (Doc. 81). Plaintiff's second amended complaint raises issues beyond the scope of amendment allowed by the district judge's order. Specifically, plaintiff was allowed to file a second amended complaint which restates his First and Fourteenth Amendment claims regarding his retention in administrative segregation and which attempts to link defendants Ventimiglia, Pliler, Stratton, Stiles, Wilson and Morrow to those claim. Plaintiff did not heed those instructions. Instead, plaintiff's second amended complaint attempts to revive his claim regarding his placement in administrative segregation and sets forth new state law claims as well as setting forth his claim regarding being retained in administrative segregation. Any claim plaintiff may have regarding his placement in administrative segregation is barred for his failure to exhaust his administrative remedies. Plaintiff has only been given leave to file a second amended complaint to link the defendants to their actions in retaining him in administrative segregation which he claims violated his First and Fourteenth Amendment rights. He did not allege any state law claims in his first amended complaint, and cannot raise these claims now.

Plaintiff is not required to file an amended complaint. It is his choice. If he does not file an amended complaint which complies with this court's order as to what allowable amendment may be made, this action will proceed against defendants Walker, Mayfield, Menni, Rosario, and Vance. If plaintiff chooses to file an amended complaint, he must heed this court's order and not exceed the scope of amendment allowed.

Plaintiff has been warned that, as a general rule, an amended complaint supersedes an original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, if he chooses to file an amended complaint, he must restate his claims against defendants Walker, Mayfield, Menni, Rosario, and Vance as to his retention in administrative segregation. He may also attempt to link defendants Ventimiglia, Pliler, Stratton, Stiles, Wilson and Morrow to his claims regarding his retention in administrative segregation. He may not make any allegations

1 regarding his placement in administrative segregation, as those claims have been dismissed.  He
2 also may not raise any state law claims, as that would be beyond the permissible scope of
3 amendment.

4       Plaintiff should keep in mind that the claims alleged in his first amended complaint
5 which are not alleged in any third amended complaint he chooses to file are waived.  <u>See</u> <u>King v.</u>
6 <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff decides to file another amended
7 complaint, the court cannot refer to his prior pleadings in order to make plaintiff's amended
8 complaint complete.  <u>See</u> Local Rule 15-220.  An amended complaint must be complete in itself
9 without reference to any prior pleading.  <u>See</u> <u>id.</u>  The amended complaint must allege in specific
10 terms how each named defendant is involved, and must set forth some affirmative link or
11 connection between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>,
12 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

13       Plaintiff should keep in mind that the Federal Rules of Civil Procedure require that
14 complaints contain a "*short and plain* statement of the claim showing that the pleader is entitled
15 to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  This means that claims must be stated
16 simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996)
17 (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant
18 fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>See</u> <u>Kimes v. Stone</u>, 84
19 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of
20 particularity overt acts by specific defendants which support the claims, vague and conclusory
21 allegations fail to satisfy this standard.   Plaintiff's amended complaint must be limited to his First
22 Amendment retaliation and Fourteenth Amendment due process claims regarding his retention in
23 administrative segregation.

24       As plaintiff's second amended complaint will be stricken as exceeding the scope of
25 amendment allowed, defendants' motion to strike the second amended complaint as filed is moot.
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. 81) is stricken as exceeding the scope of amendment allowed;

2. Plaintiff may file a third amended complaint, within 30 days of the date of service of this ordered;

3. If plaintiff chooses to file a third amended complaint, the complaint
    a. must restate his First Amendment retaliation and Fourteenth Amendment due process claims against defendants Walker, Mayfield, Menni, Rosario and Vance regarding plaintiff's retention in administrative segregation;
    b. may link defendants Ventimiglia, Pliler, Stratton, Stiles, Wilson, and Morrow to these claims; and
    c. may not add additional claims or new defendants;

4. If plaintiff files a third amended complaint that does not comply with this court's orders, the amended complaint will be stricken and this action will proceed as if plaintiff decided not to file the amended complaint;

5. If plaintiff does not file a third amended complaint within 30 days of the date of service of this order, this action will proceed against defendants Walker, Mayfield, Menni, Rosario, and Vance as to plaintiff's First Amendment retaliation and Fourteenth Amendment due process claims regarding his retention in administrative segregation; and

6. Defendants' motion to strike (Doc. 82) is denied as moot.

DATED: June 11, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE