IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,

      Plaintiff,

vs.

CHERYL K. PLILER, et al.,

      Defendants

No. CIV S-04-1368 GEB CMK P

FINDINGS & RECOMMENDATIONS

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 9, 2008, the court issued an order authorizing service on five additional defendants, Pliler, Stratton, Stiles, Wilson and Morrow. Plaintiff was directed to complete and submit a summons as well as USM-285 forms and provide the court with copies of his third amended complaint.

      Plaintiff returned the USM-285 forms and the necessary copies of the amended complaint, which were received on October 31, 2008. However, the summons he returned was not properly filled out. On November 12, 2008, plaintiff was informed by court order of the error, was provided a new summons to complete properly, and was directed to return the completed summons within 20 days.

1

To date, plaintiff has failed to return the properly completed summons. The court is unable to direct the U.S. Marshal to serve the defendants without a properly completed summons. Plaintiff was provided amble time to complete and return the summons, and he has failed to do so. Plaintiff was warned that failure to return the properly completed summons may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

The undersigned will not recommend dismissal of the entire action at this time. However, having considered the above factors, and in light of plaintiff's failure to return a properly completed summons in order to serve the defendants, the undersigned finds it appropriate to dismiss these additional defendants.

Based on the foregoing, the undersigned recommends that defendants Pliler, Stratton, Stiles, Wilson and Morrow be dismissed from this action for plaintiff's failure to comply with court rules and orders. This action should proceed against defendants Rosario, Walker,

Mayfield, Vance, Minni, and Ventimiglia only.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE